DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal and cross-appeal from a judgment of the Wood County Court of Common Pleas which granted the summary judgment motions of defendant-appellee OHIC Insurance Company ("OHIC") and defendant-appellee/cross-appellant Travelers Casualty and Surety Company[1] ("Travelers") on the claims of plaintiffs-appellants, Tammi B. Grueshaber, et al., for underinsured motorist benefits. Also pending is a motion filed by appellants to strike arguments II, III and IV from OHIC's appellate brief.
 {¶ 2} The undisputed facts of this case are as follows. On July 4, 1998, Tammi Grueshaber was severely and permanently injured when the motorcycle she was driving was hit by an automobile driven by Jacqueline Filter. At the time of the accident, Tammi was an employee of St. Luke's Hospital but was driving her own vehicle and was not acting within the course and scope of her employment. Also at the time of the accident, St. Luke's Hospital held a Comprehensive General Liability Policy and an Umbrella Policy with OHIC and a Business Auto Policy with Travelers. The Travelers policy contained uninsured/underinsured motorist coverage. Appellants sought underinsured motorist coverage under all three policies.
 {¶ 3} On May 30, 2003, the lower court granted the summary judgment motions of OHIC and Travelers and denied the summary judgment motion of appellants. With regard to the Travelers policy, the court held that although appellants were insureds pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, they had breached the notice and subrogation provisions of the insurance contract and, therefore, were not entitled to underinsured motorist benefits. With regard to the two OHIC policies, the court held that appellants were not insureds under the plain language of the policies because Tammi was not acting in the course and scope of her employment at the time of her accident. Appellants now challenge that judgment on appeal. In addition, Travelers challenges the trial court's conclusion that Tammi was occupying a covered auto at the time of the accident.
 {¶ 4} On November 5, 2003, the Supreme Court of Ohio released its decision in the case of Westfield Ins. Co. v. Galatis
(2003), 100 Ohio St.3d 216, 2003-Ohio-5849. Galatis limitedScott-Pontzer and provides at paragraph two of the syllabus: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." In the present case, it is undisputed that Tammi's accident did not occur within the course and scope of her employment with St. Luke's Hospital. Accordingly, appellants were not entitled to coverage under the insurance policies at issue. Appellants' assignments of error are not well-taken.
 {¶ 5} Given our ruling with regard to appellants' assignments of error, we need not address Travelers' assignment of error and find it moot.
 {¶ 6} Finally, appellants have filed a motion to strike sections II, III and IV from appellee OHIC's brief. Again, given our ruling on appellants' assignments of error and finding thatGalatis extinguishes any claims appellants may have had under the policies, we find appellants' motion to strike moot.
 {¶ 7} On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., concur.
[1] Travelers was improperly named as "Travelers Property Casualty Insurance" in the complaint. Its correct name is Travelers Casualty and Surety Company.